UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES D. INGMIRE, II,

    Petitioner,

v.                                                 Case No. 3:24-cv-33-TKW-MJF

COLEMAN L. ROBINSON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Charles Ingmire, proceeding *pro se*, initiated this action on January 23, 2024, by filing a "Petition for a Writ of Prohibition." Doc. 1. The petition challenged Ingmire's convictions for various crimes in Escambia County Circuit Court Case No. 2023-CF-001180. *Id*. at 16-17 & Attach.

On January 29, 2024, the undersigned ordered Ingmire to file the following: (1) a notice of voluntary dismissal, or (2) an amended habeas corpus petition on the Northern District's § 2254 form accompanied by the $5.00 filing fee or a complete application for leave to proceed *in forma pauperis*. Doc. 3. The undersigned set a compliance deadline of February

28, 2024, and warned Ingmire that failure to comply with the order likely would result in this case being dismissed. *Id.*[1]

To date, Ingmire has not complied with the order dated January 29, 2024, and has not responded to the 14-day show cause order entered on April 5, 2024.[2]

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

---

[1] The clerk of court mailed a copy of the January 29, 2024 order and court forms to Ingmire at his address of record (the Escambia County Jail). *See* Doc. 3 (Receipt). That mail was returned to the court on March 5, 2024, as undeliverable. Doc. 4. On March 6, 2024, the clerk of court located Ingmire on the Florida Department of Corrections' online Corrections Offender Network and, as a one-time courtesy, re-mailed a copy of the order and court forms to Ingmire at his FDC address with his FDC inmate number. *See* Doc. 4, Attach. 1. The clerk of court notified Ingmire, however, of the District Court's policy requiring him to file a notice of change of address, and provided Ingmire with the required form. *Id*. That mail has not been returned to the court. Ingmire has not filed a notice of change of address.

[2] Despite Ingmire failing to file a notice of change of address, the clerk of court mailed a copy of the show cause order to Ingmire at both his address of record and his FDC address. Doc. 5 (Receipt & Docket Text). That mail has not been returned to the court.

1. This case be **DISMISSED** without prejudice for Petitioner's failure to comply with orders of this court.[3]

2. The clerk of court be directed to close this case file.

At Panama City, Florida, this 3rd day of May, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**

---

[3] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").